NO.  07-07-0114-CR
07-07-0115-CR
07-07-0116-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 15, 2007
_____

THE STATE OF TEXAS, APPELLANT

V.

JEROME PAUL MARROQUIN, APPELLEE
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,084-E, 54,102-E, 54,103-E; HONORABLE RICHARD DAMBOLD, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

The State of Texas appeals the sentencing of appellee, Jerome Paul Marroquin. We abate and remand these cases to the trial court for further proceedings.

On March 22, 2007, appellee pled guilty to evading arrest with a motor vehicle, injury to a child, and accident involving personal injury or death.  The trial court found that the evidence substantiated appellee's guilt, accepted the plea, found him guilty, and sentenced appellee.  The trial court considered the charges of evading arrest with a motor

vehicle and injury to a child as state jail offenses and sentenced appellee to two years confinement in a state jail facility but suspended the sentence and placed appellee on community supervision for three years. The trial court considered the charge of accident involving personal injury or death a third degree felony and sentenced appellee to eight years confinement in the Institutional Division of the Texas Department of Criminal Justice but suspended the sentence and placed appellee on community supervision for eight years. The State filed a notice of appeal. The court reporter filed the reporter's record on May 21, 2007. However, the district clerk requested an extension to the time to file the clerk's record; in the motion requesting extension, the district clerk has notified this court that appellee has not been appointed counsel on appeal.

Consequently, we abate this appeal and remand the matter to the trial court for further proceedings. Upon remand, the trial court shall determine, if appellee is not represented by counsel, whether appellee is indigent and is entitled to appointed counsel. Should the trial court determine that appellee's circumstances warrant the appointment of counsel, the trial court is directed to provide this court the name, address, telephone number, and state bar number of said counsel. The trial court may hold hearings and enter orders as the court deems necessary regarding the aforementioned issues and shall cause its findings and conclusions and any orders entered to be included in a supplemental clerk's record. A supplemental reporter's record of any hearing held shall be transcribed.

Finally, the trial court shall ensure that the entire clerk's record and the supplemental reporter's record be filed with the Clerk of this Court by Monday, July 16, 2007.


Per Curiam


Do not publish.